IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| PENOVIA LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 2:14-cv-00180-JRG |
| v. | § | |
| | § | |
| LENOVO (UNITED STATES) INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

**LENOVO (UNITED STATES) INC.'S PARTIAL MOTION TO DISMISS PENOVIA'S COMPLAINT FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

Defendant Lenovo (United States) Inc. ("Lenovo") respectfully requests that the Court dismiss Penovia LLC's ("Penovia") allegations of continuing infringement of U.S. Patent No. 5,822,221, entitled "Office Machine Monitoring Device" (the "'221 patent"). Penovia's allegations cannot be maintained in light of the fact that the '221 patent expired on November 13, 2010, more than three years before Penovia filed the Complaint (Dkt. No. 1). For this reason, Lenovo respectfully requests that the Court dismiss Penovia's claims of continuing infringement against Lenovo.

## I. FACTUAL BACKGROUND

Penovia LLC accuses Lenovo of directly infringing and continuing to infringe the '221 patent. The '221 patent was filed on December 4, 1996, and issued on October 13, 1998. The '221 patent expired on or about November 13, 2010, because the patent holder failed to pay the

requisite maintenance fees. *See* Exhibit A to Declaration of Kellie M. Johnson, Patent Bibliographic Data for the '221 patent.[1]

Penovia nonetheless alleges that Lenovo "continues to infringe the '221 patent by making, using, offering for sale, and/or selling within this district and elsewhere in the United States and/or importing into this district and elsewhere in the United States, products and services related to office machine monitoring systems, including but not limited to the Lenovo ThinkPad T500. (Compl. ¶ 10) (Dkt. No. 1-1). Penovia also seeks damages from Lenovo to compensate Penovia for "any continuing or future infringement . . . ." (Compl. p. 3).

## II. PENOVIA'S CONTINUING INFRINGEMENT ALLEGATIONS SHOULD BE DISMISSED.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although "detailed factual allegations are not required," the complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] The Court may take judicial notice of the USPTO public documents related to the '221 patent, including its expiration status, without converting this motion into a motion for summary judgment. *See Norris v. Heart Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Group One, Ltd. v. Hallmark Cards, Inc.*, 407 F.3d 1297, 1306 (taking judicial notice of fee payment status of patent); *see also Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'") (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

misconduct alleged." *Id.* The Court "determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense." *Landmark Tech. LLC v. Aeropostale*, No. 6:09-cv-00262, 2010 WL 5174954, at *3 (E.D. Tex. Mar. 29, 2010) (Davis, J.) (citing *Iqbal*, 555 U.S. at 678).

Regional circuit law applies to purely procedural motions, such as this motion to dismiss for failure to state a claim. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). In the Fifth Circuit, "[t]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (applying Fifth Circuit law).

Penovia alleges that Lenovo "has infringed and continues to infringe the '221 patent ...." (Compl. ¶ 10). Penovia's allegations of continued infringement of the '221 patent fail to state a plausible claim for relief because the patent expired in November of 2010, more than three years before Penovia filed its complaint.

"Because the rights flowing from a patent exist only for the term of the patent, there can be no infringement once the patent expires." *Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994). The patent's term, while normally statutorily prescribed, may be cut short. *See, e.g.*, § 41(b)(2). For example, when the patent holder fails to pay the required maintenance fee, the patent will expire after a six-month grace period. *See id.*

That is what happened here: The patent holder failed to pay the required maintenance fee and, as a result, the '221 patent expired on or about November 13, 2010. *See* Exhibit A. Under § 271, infringement cannot occur after the term of the patent. *See* § 271; *Kearns*, 32 F.3d at 1550. Thus, Penovia's allegation that Lenovo continues to infringe the '221 patent after its expiration date does not state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6);

*Kearns*, 32 F.3d at 1550. For this reason, Lenovo submits that Penovia's claims of continuing infringement should be dismissed.

### III. CONCLUSION

Lenovo respectfully requests that the Court dismiss Penovia's allegations of continuing infringement of U.S. Patent No. 5,822,221 because Penovia's allegations cannot be maintained in light of the fact that the '221 patent expired on November 13, 2010, more than three years before Penovia filed the Complaint. For this reason, the Court should dismiss Penovia's claims of continuing infringement against Lenovo and Penovia's claim to damages for any "continuing or future infringement."

Date: May 27, 2014

Respectfully Submitted,

*/s/ Kellie M. Johnson*
Fred I. Williams (*lead attorney*)
State Bar No. 00794855
fwilliams@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
600 Congress Avenue, Suite 1350
Austin, Texas 78701
Telephone: (512) 499-6200
Facsimile: (512) 499-6290

Todd E. Landis
State Bar No. 24030226
tlandis@akingump.com
Eric J. Klein
State Bar No. 24041258
eklein@akingump.com
Kellie M. Johnson
kmjohnson@akingump.com
State Bar No. 24070003
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)                                                        PAGE 4

**ATTORNEYS FOR
DEFENDANT/COUNTERCLAIMANT
LENOVO (UNITED STATES) INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT LENOVO (UNITED STATES) INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FED R. CIV. P. 12(b)(6)**, via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 27th day of May, 2014.

*/s/ Kellie M. Johnson*
Kellie M. Johnson